UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY AUSBORN,<br><br>  Plaintiff,<br><br>v.<br><br>CALIFORNIA HEALTH CARE FACILITY,<br><br>  Defendants. | No.  2:20-cv-0590 AC P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.   Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

1 | These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2 | the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
3 | § 1915(b)(2).
4 |     II.    Statutory Screening of Prisoner Complaints
5 |     The court is required to screen complaints brought by prisoners seeking relief against a
6 | governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
7 | court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
8 | "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]
9 | monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).
10 |     A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."
11 | Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
12 | Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal
13 | theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,
14 | 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as
15 | stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a
16 | constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.
17 | Franklin, 745 F.2d at 1227-28 (citations omitted).
18 |     "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
19 | claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
20 | what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550
21 | U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
22 | "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context
23 | of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,
24 | 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure
25 | to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a
26 | cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the
27 | speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain
28 | something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Complaint

Plaintiff's First Amended Complaint (ECF No. 6) sets forth three claims under the Eighth Amendment, followed by 40 pages of handwritten narrative regarding plaintiff's medical issues and complaints about care. The Amended Complaint is not entirely legible and is very difficult to follow. The California Health Care facility and its warden, Laura Edridge, are named as defendants, along with "all medical Drs" and "all medical RNs" at the prison. ECF No. 6 at 2. Plaintiff suffers from multiple sclerosis and was "hit" in January 2020, requiring hospitalization for injuries; he experiences chronic pain. Claim One alleges that the medical care provided by doctors at CHCF is "not good." Id. at 3. Plaintiff alleges in general terms that he has not been properly treated for MS or for his injuries. Id. Claim Two asserts that the poor medical care amounts to "medical malpractice and gross negligence." Id. at 4. Claim Three states that care provided by nurses at the facility is "not good." Id. at 5. The following 40-page recitation of plaintiff's concerns is incapable of summary because of poor legibility, excessive length, and because it is not divided into paragraphs or otherwise organized coherently.

### IV. Failure to State a Claim

The Amended Complaint does not provide the short and plain statement of plaintiff's claim that the federal rules require. See Twombly, 550 U.S. at 555. It is neither feasible nor

appropriate for the court to attempt to decipher plaintiff's lengthy factual recitation and sift through it for facts that may support a claim.  See McHenry v. Renne, 84 F.3d 1172, 1177, 1180 (9th Cir. 1996).

In addition to violating Rule 8, it appears that the complaint fails to state a claim for relief against any defendant.  Liability under § 1983 is limited to the persons who directly deprive a plaintiff of his rights, or who otherwise cause the deprivation.  See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988).  The complaint before the court does not plainly identify specific actors or specific actions which are alleged to have violated plaintiff's Eighth Amendment rights.  To state a claim based on deficient medical care, plaintiff must plead facts showing (1) that he suffered from an objectively serious medical need, and (2) that each defendant acted with a culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 299 (1991).  That state of mind, deliberate indifference, exists only if a defendant subjectively knows of and disregards an excessive risk to inmate health and safety.  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).  Medical malpractice and negligence are not enough to establish deliberate indifference.  Farmer v. Brennan, 511 U.S. 825, 835-837 (1994).  The allegations of plaintiff's complaint do not state a claim under this standard against any defendant.

V.      Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete.  Local Rule 220 requires that an amended complaint be

complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), <u>overruled in part by</u> <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.   <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

You are being given leave to amend because (1) your complaint is too long and disorganized for the court to understand, and (2) the facts you have alleged in the complaint do not appear to state a claim for relief.  A complaint must briefly and clearly identify the individuals who violated your rights, and it must explain what they did when and how their actions harmed you.  To show a violation of your Eighth Amendment rights, you must state facts showing that each defendant was subjectively aware of a serious risk of harm to you from their actions or failure to act, and deliberately disregarded that risk.  Medical malpractice and gross negligence do not violate the Eighth Amendment—deliberate indifference is something even worse than malpractice or negligence.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint.  **Any claims not in the first amended complaint will not be considered.**

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

1  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
2  Director of the California Department of Corrections and Rehabilitation filed concurrently
3  herewith.
4  　　　　3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28
5  U.S.C. § 1915A, and will not be served.
6  　　　　4. Within thirty days from the date of service of this order, plaintiff may file an amended
7  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
8  Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket
9  number assigned this case and must be labeled "Second Amended Complaint."  Plaintiff must file
10 an original and two copies of the amended complaint.  Failure to file an amended complaint in
11 accordance with this order will result in dismissal of this action.
12 　　　　5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint
13 form used in this district.
14 DATED: June 10, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE